SWAIN *v.* PETTENGILL.

*(Supreme Court, General Term, Second Department.* December 10, 1890.)

DISCOVERY—EXAMINATION OF PARTY BEFORE TRIAL.

An affidavit to obtain an order for the examination before trial of defendant in an action stated that defendant was president of a corporation of which plaintiff was a stockholder, and that defendant had wrongfully issued stock thereof, which he had converted to his own use; and that a summons in the action had been served on him, but no complaint had been served. *Held,* that this did not state "the nature of the action and the substance of the judgment demanded," as required by Code Civil Proc. N. Y. § 872, subd. 2, and the application should not be granted.

Appeal from special term, Westchester county.

Action by James B. Swain against Samuel M. Pettengill. From an order that said defendant and one A. J. Dwinelle be examined, and their depositions taken, and an order denying a motion to vacate said order, defendant appeals. Code Civil Proc. N. Y. § 872, requires the person desiring to take the deposition of a party to an action to present to the judge "an affidavit setting forth as follows: * * * (2) If an action is pending, the nature of the action and the substance of the judgment demanded," etc.

Argued before BARNARD, P. J., and DYKMAN, J.

*Philip Carpenter,* for appellant. *William G. Valentine,* for respondent.

BARNARD, P. J. The affidavit upon which the order to examine the defendant Pettengill and the witness Dwinelle was made is defective and insufficient.

Neither the nature of the action nor the substance of the judgment demanded is stated in the plaintiff's affidavit. The only statement is to the effect that the plaintiff is a stockholder in the Metropolitan Transit Company; that Pettengill is its president, and has wrongfully issued stock which he has converted to his own use. A summons but no complaint has been served. Neither the cause of action nor the judgment to be demanded can be even in-· ferred from this statement. The affidavit, therefore, fails to comply with section 872, subd. 2, of the Code of Civil Procedure. The order should therefore be reversed, with costs and disbursements, and the motion granted vacating order, with costs.